Good morning, Your Honors. Lee Moloff on behalf of, I guess it's Seal 1, which is my client, Braddock and Logan. I think this is a lot less interesting than that last case that  Oh, you never know. For sure. Although, it's certainly important to my client. The issue being whether or not the district court abused its discretion in granting a motion, a post-judgment motion for attorney's fees, which was filed 99 days beyond the time which Rule 54 and local Rule 54-16 allows for. Not only was it late, but it was deficient in a number of other manners in terms of the local rule and what it requires. It certainly is undisputed that the motion was filed 99 days late, and it was deficient. Notwithstanding that, the district court granted the motion and awarded something in excess of $25,000 in attorney's fees. May I ask a preliminary question just to cut through some of this? I gather that you did not contest their right to attorney's fees under the contract, if those, if properly presented, nor the amount. Is that right? We did not challenge the reasonableness of the amount. That's the only thing we didn't challenge. Do you think that they had a right to attorney's fees under the contract? The contract had a provision which allowed it had a prevailing party attorney's fees provision. Yes, it did. And in your judgment, how should they have proceeded in terms of enforcing that provision or seeking relief under that provision? Rule 54, both the Federal Rule of Civil Procedure 54, as well as the local rule, is very clear on that. Under 54d2, claims for attorney's fees and related non-taxable expenses shall be made by motion unless. That's the only unless in that whole rule. It doesn't matter whether the right to fees are a statutory provision or in Nevada, a certain, well, in Nevada, you can only get attorney's fees under either a statute that specifically provides for them or in a contract provision. Right. So in this particular, may I interrupt you just for a second there? I didn't see this as part of the excerpt, so maybe you can enlighten me. The complaint in this case apparently was styled an injunction and a declaratory relief. Is that right? And in Nevada, is a declaratory relief action one of those actions that allows attorney's fees statutorily? I don't believe so. I don't really know the answer, but I don't believe so. There's only a few statutory provisions that do allow attorney's fees. In the complaint in this case, did the complaint seek attorney's fees? The complaint itself sought attorney's fees. And I gather it was an incident to the request for declaratory and injunctive relief, not as a separate claim for damages. Is that right? It actually was brought as a separate cause of action in the complaint related to the breach of the contract, which gave rise to the declaratory relief and the injunctive relief sought. Okay. So it's a separate count and a separate, at least a separate provision of the complaint. And I gather the settlement agreement did not address this. True? I'm sorry? The settlement agreement did not address the settlement of this particular provision of the suit? The settlement agreement in the earlier suit, which gave rise to the confidentiality agreement that was at issue in this suit, did have that attorney's fees provision. Yes. Okay. You're right. I'm sorry. Go ahead. It's interesting to note, again, getting back to your original question, that under Rule 54, the only argument that the appellee has here is that this was a contract provision and 54 didn't really apply. But that's really a frivolous argument, because 54 gives an exception, and that exception is if the right to attorney's fees is a substantive claim for damages in the underlying cause of action. And there's numerous examples of that. One would be in Nevada, a slander of title claim. If you  that is an actual element of damages, which you can seek, and then that is the way you prove your damages. Is there a cross-claim or a counterclaim? There was not a counterclaim by this appellee. There was another party to the litigation that did bring a counterclaim. That counterclaim was dismissed on summary judgment as well. Did this – did the counterclaim in here, or potential counterclaim in here, file a counterclaim? No. There was no counterclaim. There was no counterclaim. And there was no counterclaim for attorney's fees as damages? No, none. The action was based on the attorney's fees provision in the confidentiality agreement. The action wasn't based on the attorney's fees provision in the confidentiality agreement. Well, yes, the third cause of action in the original complaint was, yes, that's correct. And didn't the confidentiality agreement characterize the attorney's fees as damages? No. It just said, I think it's a prevailing party gets attorney's fees. Well, I have it here. Prevailing party shall be entitled to recover as damages its attorney's fees. Does that invoke the exception under Rule 54? Well, I don't – it may have been had they brought that counterclaim, but they didn't bring a counterclaim. We brought a claim. They're seeking fees at the end of the case after a summary judgment dismissing our claims is brought. Then and only then did they seek their attorney's fees. And they – it's interesting to note that the appellee says that 54 doesn't apply, but their application and motion for attorney's fees cites Rule 54. We're bringing it under Rule 54. So if they're bringing it under 54, what's good for the goose is good for the gander. They have to play by the rule. The rule says 14 days. They brought it 99 days later. And they didn't – they still don't, even in their appellate brief, do not try to argue that there was any excusable neglect. They said, no, no, no, we aren't even bringing it under an excusable neglect standard. And it's interesting to note that the district court, in its order granting the fees, says – it's excerpt of record number 3, tab 3 at page 2 of the order – while Ellis seeks in its reply to shore up its failure to provide the attorney's affidavit, it makes no effort at all to provide the information required by local rule 5416b3, which is the affidavit provision that you have to put certain information in the attorney's affidavit. And then the judge goes on to say, no excuse is offered by Ellis for the tardiness of the motion or failure to comply with the local rule. So under this Court's own precedence in the Kyle case as well as in the Yost case – Let me ask you a couple of questions. Suppose we – let's just hypothetically speak and say that we agree with you, that the motion was untimely. They attempted to make a showing that the time period should be extended, but the district court – they offered no – no excuses, you just pointed out. The district court didn't have the benefit of our recent en banc opinion in Pin K, and neither did the parties. Do you think it would be appropriate to remand for the district court to allow some consideration of the reason for the untimely filing? No, because they should have either in their reply brief sought what would amount to a Rule 6b enlargement of time motion, and they didn't do that. Well, under our recent Pin K case, we have given – we've given a generous interpretation to the Supreme Court's decision in Pioneer. Well, I have to confess to the Court that I'm not aware of the Pin K case. I did just like Pin K. Let me ask you this. Let's assume that we just flat out reversed untimely. Could they mount their own separate lawsuit in Nevada for an award of an attorney's fee? They can certainly file anything they want to file. I believe it would be precluded by race judicata. It wouldn't exactly be the same issue, though, because it was denied on untimeliness. It's – it's – it's my – race judicata is something I always struggle with in fully understanding, but it's any claim that could have been brought and it was not brought under Rule 54 as it should have been. Now, I gather that part of the initial jurisdiction arose because of bankruptcy. Is that right, or is there – No, no. It was just diversity. Just diversity. Okay. Did you try to settle this? Oh, absolutely we tried to settle it. Did you respond to our circuit mediator's offer to settle it? We had a conference call with the circuit mediator's office, and it would be an – well, I don't know if it's appropriate to discuss what we discussed between counsel. You did confer with him. We conferred with the circuit mediator, and counsel and I both conferred with each other and our respective clients in attempting to resolve this before we got here. And I gather that you feel that based on your experiences, although I'm sure both of you had engaged in good faith, that you do not think there's a reasonable prospect of the settling at this juncture. Well – In other words, the reason for our question is occasionally we ask people when – especially when we're talking an amount that would not meet diversity, that perhaps sometimes the assistance of the circuit mediator even at this stage would be of help. So our only question is, do you think so? My client made what I believe was a very reasonable offer to settle this matter beforehand, and my client, I'm sure, would be willing to make another reasonable offer at this point. It is my personal opinion that the athlete was unreasonable, but that's not the case. I'm just curious, because the amount at stake is not – in the scheme of things of what we see, it's not a lot. And, Judge Pez, I was, quite frankly, surprised when this matter was set for oral argument. I thought it would have been decided on the briefs, but – Well, it wasn't argued before the district court, was it? I'm sorry? Was this case argued before the district court? There was no oral argument before the court on the motion for attorney's fees. Right. All right. Thank you, counsel. Thank you. Justice, on my first appearance, thank you very much. You have a magnificent courtroom. Curtis Coulter on behalf of Mr. Ellis and Ellis Engineering. Your Honors, the issues, I think, before this body pertain to whether the district court exercised its discretion in granting attorney's fees in this case. We're going to deal with Rule 54, but a couple of things that I think are very important here is, first of all, I think that the discretion of the district court was well-vested, both by the local Rule 1A1-3 and also by Pioneer v. Brunswick 507 U.S. 380. This is a case in which you've asked a question about follow-up litigation. This is a very similar situation, I see, to a situation in which there's been a claim for abuse of process. That claim isn't matured until after the underlying litigation is resolved successfully for the person who brings that claim. In this case, the appellant argues why is it so? I mean, why weren't you required to make a counterclaim for fees? The question you ask is very good. The other party actually made that claim, and it was summarily dismissed as not being ripe. Well, I'm not sure that that's correct, though. So I know you say it was dismissed because it wasn't ripe. Why wasn't it ripe? Because there had not been a final determination about whether Braddock and Logan was successful in its claim for breach of contract, et cetera. So your answer is that even now you could file a complaint in the ---- for your attorney's fees, a new complaint, right? I believe that's ---- I believe that is still correct. Yes, Your Honor. Are you familiar with the Nevada Supreme Court's decision in Sandy Valley v. Sky Ranch West? No, Your Honor. It talks about when attorney's fees can be sought as damages. I am not familiar with the case. Okay. I have reviewed both the Yoast case and the Kyle case. I'd like to bring to the Court's attention that both of those cases precede the decision of this Court in Baronis, which was a per curiam decision and held that it was an equitable test for excusable neglect. I think we've already established that this is not a case in which excusable neglect has been brought as the pinnacle for the claim for attorney's fees. The request for attorney's fees made to the district court was based upon, yes, Rule 54, but was also based upon the contract. And the district court's order documenting ---- But the contract gave you the right to claim attorney's fees. Yes, Your Honor. The argument made by the appellant is, under the restitute-acada theory, would abrogate Nevada's statute of limitations under Statute 11-190. So if we hold that Judge Reed should not have granted the motion because it was untimely, you'll pursue other remedies, correct? I think that if this Court determines that the judge did not have discretion under Rule 54, then I would certainly do that. But if this Court determines that there was discretion as either an ancillary proceeding of a matter pending before that Court or because of the Court's jurisdiction and discretionary abilities pursuant to McKay or Pincay, excuse me, P-I-N-C-A-Y, and the United States Supreme Court decision ---- Well, Pincay talks about balancing the factors, you know. There are two factors that were not addressed here. There was no off ---- no excuse was given, none whatsoever, zero. Correct. In Pincay, they gave elaborate, elaborate explanations. And the district court said, well, under the circumstances and the 10-year history of this case, I'm going to find that there's exercise of my discretion. But I think the outcome on our Court would have been different had there been no explanation given. In fact, I'm quite confident of that. I think one of the factors that the Court issued in its opinion, in its order granting the fees, was simply stating that based upon the information provided, the time should be extended. And one of the factors the Court specifically stated, the district court recognizes that the request for fees was made to avoid duplicative litigation. And, again, I think that goes back to the very premise of Pioneer. I think we look at the equitable principle of Pioneer, equitable principles set forth in Rule 1 and the local Rule 1A-13, I think that gives the Court discretion to say how can we dispense with litigation, how can we dispense and give justice where it's due. Well, then, you know, you apply that theory and you just ignore the rules altogether. Rules really don't mean anything. If they get in the way of doing justice and expediency, you just sort of, you know, bypass them. I certainly agree with that. But in this situation, what we had was we had a shadow case that was going to be coming right on up and another case would be filed. The Court took a look at it. The Court was familiar with the facts. The Court was familiar with the litigation. The Court was familiar with the contract and the provision within the contract that bestowed upon the prevailing party the right to recover attorney's fees as damages. And I think the Court exercised that jurisdiction and, in fact, awarded the fees based upon the premise. But the district court would not have had jurisdiction over the or arguably not had jurisdiction over the subsequent case, right? It depends on how it was filed, Your Honor. It could have been filed in state court. It could have been filed in federal court. Well, it wouldn't meet federal diversity. But it was not filed within that action. Right. So if it's a separate action, the federal court would have lacked diversity jurisdiction, right? It could have. But I believe that the appellant and its client had brought itself to the jurisdiction of the Court, had brought into controversy that very provision. It was that provision that they were trying to enforce when they were seeking damages in their action. And this was just a continuation of the very matter that was brought before the Court. But you have to file a case. If you were seeking attorney's fees as damages under Nevada law, you have to plead and prove your damages. Yes, Your Honor. And we wouldn't have those damages until they'd matured and it was known. Well, but if it's, well, the reason I asked you, you were familiar with this Sun Valley Associates versus Sky Ranch Estates case. It talks about when a party is seeking damages as attorney's fees, the obligations on the part of the, to claim attorney's fees, you have to plead and ultimately prove them. They're like, they're treated like special damages and you have to plead them. In other words, so here there was no counterclaim. No, but I believe in the. So in effect, you were seeking attorney's fees as cost of litigation. That's correct, Your Honor. Right. And in that event, you should have complied with Rule 54. I agree. Rule 54 certainly could have. And if the district court was going to, if the district court was inclined or thought it at least appropriate to consider extending the time limits, then I think our case law suggests the district court should have balanced all of the factors that are appropriate to making that determination. Here, the only factor that the district court looked at was he said, there's no prejudice asserted by the CL1 and, you know, that's basically it. And we want to avoid future litigation. I think that's a fair analysis. I do think that one of the very first things the court said was that Ellis was a prevailing party and was entitled to attorney's fees by terms of the contract. That was one of the very first holdings that the court made. The court went through and a part of its analysis and said the court recognized that the request of the fees was made to avoid duplicative litigation. And when. Those are the two factors, those are two of the factors, prejudice and state of the docket or. Yes, Your Honor. That one would consider in deciding whether or not to extend the time. But the other factor is a big factor is the reason why it was untimely. I think there were. And to this day, nobody offers you fail to offer any any reason why it was untimely. Ninety nine days is a long time. It's outside the record, but I could tell you. Spare us. Spare us. I don't need to know. Save that for the next round. Yeah. But let me ask you this. Yes, sir. Why don't you just settle this? This is the word is for twenty five thousand plus. I wholeheartedly agree. I'd love to settle it and be happy to go to to mediation with the appointed meter, mediator or arbitrator. I mean, there are a lot of there are a lot of interesting questions raised by this that if we we play out could take some odd twists to. I mean, if we're if we're if we think this is even though the amounts are small, that this is a this is an issue that's important under Nevada law. We could certify it. I expect to the Nevada Supreme Court. That's a lot of briefing for you guys. And your honor, I think the whole purpose in the manner in which this request was made to the district court was try to eliminate future litigation. You know, I understand that the district court sort of took a practical approach to this and didn't think there was prejudice, thought the equities were based on your side because of the contract and knowledge. That's what I take from the district court's opinion. Whether or not it's legally justified is another matter. And if it's not, then then you go back to state court or federal court and probably state court in this case. And you file a separate action. I think you're right, Your Honor. All I'd like to say in conclusion is I think that the authority presented both in pin K and the United States Supreme Court decision of Pioneer vests the court with vest the court with discretion. And the holding of Pioneer and its prodigy and pin K and Baronis of this circuit are that the rules are not hard and fast time limits. No, pin K makes that clear. But pin K also establishes for the circuit the basic rules that the district courts are to follow. And that is that they're to balance certain factors and considerations in deciding whether it's appropriate to extend it. The district court here only looked at two. The district court did not have the benefit of pin K at the time it rendered its decision in this case. I do agree. The only thing I would say is that the very purpose of the equitable principle set forth in Pioneer in light of the contractual provision, I would suggest, was a balancing factor that the court could consider and I think exercised its discretion to consider. It is set forth in its order. And I think that that furthers the very interest of justice and the very interest in which we were hearing. You know, the odd thing about Pioneer and pin K, though, and we discussed this in pin K at oral argument, is that the prejudice factor really is sort of meaningless. Because if you say no one's prejudiced because, you know, except for the prejudice, if you say the prejudice of having to pay is not prejudiced enough, it's hard to conceive of where there would be prejudice. There's no, in cases like this, where you're just talking about, I mean, you don't lose witnesses. I mean, that's the typical kinds of things you look at when you're analyzing prejudice. But if you're missing short time periods like this, it means that prejudice is meaningless as a part of the, was one factor we consider. So it's easy to say there's no prejudice except for, of course, the fact that they lose, which is, it seems to me, it's sort of a big element of prejudice. Well, we appreciate your arguments on this. Appreciate your time. Thank you very much. Next case on the oral argument calendar is United States v. Camacho.
judges: Thomas, Paez, Burns